IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leo Lionel Payne, | ) | C/A No.  3:15-2785-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Daniel E. Johnson, *Circuit Solicitor*; Reinold M. | ) | |
| Adams, *Police Officer*; Ryan Johnson, *Police* | ) | |
| *Officer*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Leo Lionel Payne, a self-represented litigant, brings this action pursuant to 42

U.S.C. § 1983 alleging a violation of his civil rights.  This matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint in

accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

Plaintiff alleges that he purchased a bus ticket at the Greyhound bus terminal in Columbia,

South Carolina, on April 26, 2014.  (ECF No. 1 at 3.)  A copy of the ticket, provided by Plaintiff

with the Complaint, reflects his destination as Washington, D.C.  (ECF No. 1-1 at 1.)  Plaintiff

alleges that when his bus arrived, Defendant Reinold M. Adams and Defendant Ryan Johnson, both

police officers, "conspired . . . to oppress and violate[] [Plaintiff's] right to travel" and did not allow

Plaintiff to get on the bus to leave Columbia.  (ECF No. 1 at 3.)  Plaintiff names Defendant Daniel

E. Johnson, identified as a Circuit Solicitor, for representing the State of South Carolina and for also

denying Plaintiff "the free exercise and enjoyment of his right to travel freely between the states."

(Id. at 4.)   Plaintiff attaches to the Complaint a grievance he filed with the Columbia Police Department against the defendant police officers.   (ECF No. 1-1 at 2.)   In his grievance, Plaintiff states that Officers Adams and Johnson detained Plaintiff and charged him with trespassing after notice and simple assault at the Greyhound station, thus conspiring to deny Plaintiff's right to travel. (Id. at 2-3.)   Plaintiff also provides an incident report which confirms his arrest at the Greyhound station.   (Id. at 4-6.)   Plaintiff seeks damages and injunctive relief in the form of dismissal of his state criminal charges.   (ECF No. 1 at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.   This court is required to liberally construe pro se complaints.   Erickson v. Pardus, 551 U.S. 89, 94 (2007).   Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.   Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).   When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.   Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.   See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of

PJG

Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### i.     Right to Travel Claim

Plaintiff sues the defendants for the alleged abridgement of Plaintiff's "free exercise and enjoyment of his right to travel freely between the states."  (ECF No. 1 at 4.)  The United States Supreme Court has "firmly established that the right of interstate travel is constitutionally protected," Griffin v. Breckenridge, 403 U.S. 88, 105-06 (1971) (recognizing the right to pass freely between states as one of the privileges of citizenship); see also Willis v. Town of Marshall, 426 F.3d 251, 264-65 (4th Cir. 2005), and contains three different components: "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an

PJG

unfriendly alien when temporarily present in the second State, and, for those travelers who elect to

become permanent residents, the right to be treated like other citizens of that State." Saenz v. Roe,

526 U.S. 489, 500 (1999).

However, "[d]espite the fundamental nature of this right, there nonetheless are situations in

which a State may prevent a citizen from leaving." Jones v. Helms, 452 U.S. 412, 419 (1981).

"Most obvious is the case in which a person has been convicted of a crime within a State. . . .

[i]ndeed, even before trial or conviction, probable cause may justify an arrest and subsequent

temporary detention." Id. Thus, "a person who has committed an offense against the laws of [a

state] may be stopped at its boarders and temporarily deprived of his freedom to travel elsewhere

within or without the State." Id.; see also Castaneira v. Potteiger, No. 15-1337, 2015 WL 4385694,

at *2 (3d Cir. July 17, 2015) (finding that a parolee's due process claim failed as a matter of law

because he did not "enjoy an absolute right to travel" where his criminal conduct qualified that

right); Smith v. McWhirter, C/A No. 2:09cv425, 2010 WL 9474636, at *3 (E.D. Va. June 16, 2010)

(finding restriction of plaintiff's right to travel due to an arrest did not support a constitutional

claim).

In this case, Plaintiff provides an incident report indicating that he was placed on trespass

notice from the Greyhound bus terminal by Officer Adams on April 26, 2014. (ECF No. 1-1 at 6.)

Approximately an hour later, Plaintiff returned to that location and was arrested by Officers Adams

and Johnson for trespass after notice. (Id.) It appears Plaintiff's arrest also resulted in charges of

simple assault and resisting arrest. (Id.) Plaintiff's Complaint contains no factual allegations from

which the court can plausibly infer a challenge to the lawfulness of Plaintiff's April 2014 arrest by

Officers Adams and Johnson. Instead, Plaintiff solely seeks relief for the defendants' alleged

PJG

oppression of Plaintiff's right to travel. (ECF No. 1 at 3-4; see also ECF No. 1-1 at 2-3.) As indicated above, a citizen may be prevented from leaving a state where probable cause justifies an arrest. Helms, 452 U.S. at 419. Accordingly, Plaintiff's constitutional claims against Officers Adams and Johnson for the abridgement of Plaintiff's right to travel must fail. Id.; see also McWhirter, 2010 WL 9474636, at *3.

Plaintiff's claims against Defendant Daniel E. Johnson, Circuit Solicitor, stem from this defendant's alleged abridgement of Plaintiff's right to travel via the prosecution of his state criminal charges. However, prosecutors have absolute immunity for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Therefore, Plaintiff's claims against Defendant Daniel E. Johnson are barred by the doctrine of prosecutorial immunity. Accordingly, Plaintiff's claims relating to the alleged denial of his right to travel between states are subject to summary dismissal as to all defendants.

### ii.     Conspiracy Claim

"To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." Glassman v. Arlington Cty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). The Plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. His factual allegations must reasonably lead to the inference that

PJG

the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan,"
and must amount to more than "rank speculation and conjecture," especially when the actions are
capable of innocent interpretation.  Id. at 421-22.  In addition, the Supreme Court has held that, to
establish a federal conspiracy claim under 42 U.S.C. § 1985, a plaintiff must show that the alleged
conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory
animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d
1081, 1085 (4th Cir. 1985.)  Under both § 1983 and § 1985, an alleged conspiracy must be pled and
proved by concrete facts, not mere conclusory allegations.  See Simmons v. Poe, 47 F.3d 1370,
1376-77 (4th Cir. 1995).

In this case, the facts presented fail to plausibly allege a conspiracy by the defendants to
deprive Plaintiff of any constitutional right, and instead reflect only the defendants' attempt to
accomplish the goal of arresting Plaintiff for criminal offenses.  The court "need not accept the
[plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted
inferences, unreasonable conclusions, or arguments."  Kloth v. Microsoft Corp., 444 F.3d 312, 319
(4th Cir. 2006); see also Walker v. Prince George's Cty., 575 F.3d 426, 431 (4th Cir. 2009).
Accordingly, Plaintiff's conspiracy claim is also subject to summary dismissal.

### iii.     Request for Dismissal of Charges

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should
not equitably interfere with state criminal proceedings except in the most narrow and extraordinary
of circumstances.  See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).   The Younger Court
noted that courts of equity should not act unless the moving party has no adequate remedy at law and
will suffer irreparable injury if denied equitable relief.  Younger, 401 U.S. at 43-44. From Younger

PJG

and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

To the extent Plaintiff seeks dismissal of pending state criminal charges, the first part of the test is satisfied. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975); see also Gilliam, 75 F.3d at 904. If Plaintiff wishes to pursue claims associated with his pending state criminal charges, he may do so in state court both during and after the disposition of such charges. Thus, Plaintiff fails to show the absence of an adequate state remedy or assert that he will suffer irreparable injury if denied equitable relief. See Younger, 401 U.S. at 43-44. Accordingly, the court finds that abstention from interference in Plaintiff's state court proceedings is appropriate.

PJG

## III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without

prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 13, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).